DUCKER, JUDGE:
Burger Brewing Company, during the period from February, 1971, to January, 1973, purchased various tax paid crowns, lids and half *183 barrel stamps from the respondent for use by the brewery in future distribution of and sales of “out of state manufactured” beer within the State of West Virginia, and before all of the crowns, lids and half barrel stamps could be used by the Burger Brewing Company a sale of the brewery was consummated with the Hudepohl Brewing Company of Cincinnati, Ohio, whereby the latter company took over all the inventory of the Burger Brewing Company except the unused crowns, lids and half barrel stamps which, according to Regulation No. 9 of the Beer Commission, were not transferable or usable by anyone other than Burger Brewing Company. Claimant herein, Central Investment Company, as successor in business to the Burger Brewing Company, but not as an operator of the brewery, retained title to, the Burger Brewing Company real estate and the unused crowns, lids and half barrel stamps, amounting to a total sum of $7,777.37. Claimant applied to the Nonintoxicating Beer Commissioner for a refund but its claim was denied. Claimant now seeks a refund in that amount, basing its claim upon the fact that Burger Brewing Company has ceased to do business, cannot use the crowns, lids and stamps and cannot under the law or regulations transfer the same to anyone else. The factual circumstances involved in the matter are uncontroverted, and the crowns, lids and half barrel stamps have been cancelled or destroyed and the value thereof has been fixed by a stipulation of counsel for both claimant and respondent.
The brewery company was required by Article 16 of Chapter 11 of the Code to pay the tax evidenced by the crowns, etc. before it could sell or distribute in West Virginia beer manufactured out of the State and necessarily it had to purchase in advance and possess the tax stamps, etc. at the time of the bottling and barreling of the beer. Because of the higher cost of buying the crowns, etc. in small quantities, the brewing company purchased and paid the tax on larger quantities of them, evidently being of the opinion that it would be able to use the larger quantities.
In this case, we must consider the validity and application of Regulation No. 9 of the respondent, which reads as follows:
“Tax paid crowns and lids shall not be transferable from one purchaser to another or reused without the consent, in writing, of the Commissioner.”
Counsel for claimant cite the case in this Court of General Foods *184 Corporation v. Charles H. Haden II, State Tax Commissioner, Claim D-540, wherein the claimant was awarded the value of soft drink tax stamps which claimant was unable to use because of a later adopted Federal Regulation prohibiting the use of them. In that case the use of the tax paid stamps was prevented by a law enacted after the stamps were purchased. In the case at bar the use of the stamps was occasioned by the economic or financial status or position of the purchaser which rendered the purchaser unable to use the stamps which it had purchased.
The payment of the tax in advance was entirely anticipatory and somewhat conjectural as to the needs of the brewing company for its future business. While it may be argued that this case is similar to other license taxes which are not refundable as to the amount of the unexpired portion of the time for which the tax was paid, those cases in some instances permit assignment so that an assignee can use the remaining portion of the period covered by the tax.
The Regulation quoted above, while quite positive in form, does not close the door completely in the matter, in that it states the crowns, etc., are not transferable to another “without the consent, in writing, of the Commissioner”. Evidently there was some discretion in such matters left to the Commissioner as to when he could or should consent to a transfer or reuse. Ordinarily where a matter is left to the discretion of an officer all that can be enforced legally is that he exercise his discretion. But where a purely equitable right is involved we feel constrained to consider the fairness of the Commissioner’s exercise of discretion. We are not aware of any statute under which claimant can demand a refund. The regulation pertains only to transfer which might be construed as prohibiting, by inference only, any refund.
Here, the State has required and received the payment in advance of its license taxes in an amount which the taxpayer considered would be the amount of beer which it would manufacture for sale and sell and distribute in West Virginia within some reasonable period in the near future. There was convenience to the State in such procedure in the advance collection of the tax from an administrative standpoint, but it was also advantageous moneywise by the receipt of the money in advance. The wisdom of the consent provision of the Regulation cannot be seriously questioned, because there could be possible fraud *185 or other difficulty in such matters. However, to consider the Regulation as mandatory in all cases, regardless of possible or probable equity in some, is not, we think, a just and equitable interpretation of the rights of some persons who because of special circumstances the Regulation should not apply. Whether a person has been prevented from using the tax paid crowns, etc. by reason of some subsequently enacted law or regulation, or by reason of some financial condition rendering him unable to use the stamps, it seems unfair for the taxpayer to suffer the loss of the value of what is really just a tax overpayment. Each case of this nature must be determined by its own particular facts. Here the State has not been damaged, and the retention by the State of the amount of the overpayment amounts to an unjust enrichment on the part of the State; and pursuant to our authority to consider and decide claims in which, as the statute provides, “the State should in equity and good conscience discharge and pay”, we are of the opinion that the facts in this case justify the refund sought, and we do hereby award the claimant the sum of $7,777.37.
Award of $7,777.37.