GARDEN, JUDGE:
In December of 1974, the claimant filed its application for 1,000 identification stamps for the registration and identification of vehicles that it intended to operate within West Virginia during the period from February 1,1975 through January 31,1976. It also filed a list identifying each vehicle it intended to operate within the borders of the State during the above-mentioned period. All of this was done pursuant to Code 24A-6A-4. This section further requires a motor carrier to obtain from the National Association of Regulatory Utility Commissioners (NARUC) a supply of uniform identification cab cards, commonly referred to as “bingo” cards for the registration and identification of each vehicle it intends to operate in West Virginia for the ensuing year.
The carrier is required to fill in the front of the cab card so as to identify itself and the vehicle, and the card is then kept in the cab of the vehicle. If it is determined that a particular vehicle will be operated in this State, one of the identification stamps is affixed to the back of the cab card in the square bearing the name of this State. There are, of course, other squares on the back of the cab card to accommodate stamps from other states in which the particular vehicle will operate.
With its application, the claimant forwarded its check in the amount of $3,000.00 covering the statutory fee of $3.00 per identification stamp. In I^ay of 1975, the claimant determined that it had purchased 200 stamps iñ excess of the amount it would need and offered to return these stamps to respondent and requested a refund of $600.00. The respondent, having no statutory authority to make such a refund, refused. Claimant is thus in this Court seeking an award of $600.00.
*141 In the somewhat similar claims of Central Investment Corporation v. Nonintoxicating Beer Commissioner, 10 Ct. Cl. 182, The F. & M. Schaefer Brewing Co. v. Nonintoxicating Beer Commissioner, D-904, and Queen City Brewing Co. v. Nonintoxicating Beer Commissioner, D-923, we made awards for unused stamps, crowns and lids for which taxes had been pre-paid. In those claims, the breweries had either sold their business to another concern or had completely gone out of business, and we were of the opinion that to allow the State to retain the pre-paid tax would constitute unjust enrichment.
The claimant in this case is a going concern and will probably continue to conduct its operations in this State for many years. To allow this claim would result in every motor carrier doing business in this State filing a claim in tbis Court evfery year for the cost of any unused identification stamps. This result would not be desirable and certainly not one intended by the Legislature in enacting Article 6A of Chapter 24A. We would point out that Article 6A gives the motor carriers the right to file one or more supplemental applications for additional stamps during the year if the need arises or is anticipated. We can only suggest that motor carriers be conservative in submitting their original applications and resort to supplemental applications if additional stamps are needed or anticipated.
Claim disallowed.